## Jacob Rabinowitz v. J. H. Hall.

1. PERSONAL PROPERTY—*when title to, vests in consignee.* When goods sold are delivered by the seller to a common carrier, properly consigned to the purchaser, the title thereto vests in the purchaser; the carrier becomes the agent of the consignee and if loss of the goods occurs before actual delivery of the same to the consignee, it is the consignee's loss and not the consignor's.

2. COMMON CARRIER—*what does not discharge liability of, for non-delivery.* A mistake in the address of the consignee which does not mislead the carrier, does not absolve it from liability for non-delivery.

Action of assumpsit. Appeal from the Circuit Court of Macon County; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

JAMES S. BALDWIN and MILLS BROS., for appellant.

REDMON & HOGAN, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

The declaration in this case consists solely of common counts and the only count on which plaintiff can recover, if at all, is the count for goods sold and delivered. Defendant pleaded the general issue and on a trial by jury verdict and judgment were for defendant. Plaintiff, Rabinowitz, is a dealer in clothing in New York City, under the style of Valentine and Rabinowitz. Defendant Hall is a retail merchant at Decatur. Hall at Decatur gave an order to a travelling salesman of plaintiff for a lot of pants. The only substantial question involved is whether delivery of the pants ordered was ever made. The evidence shows that the goods were delivered by plaintiff to the Delaware, Lackawanna and Western Railroad at New York for shipment over that road and the Wabash to Decatur and that they arrived at Decatur, but does not show that they were ever actually delivered at Decatur to the defendant. The evidence also shows, as we think, that when the goods were delivered to the railroad at New York the case containing them was marked T. H. Hall, Decatur, Ill., instead of J. H.

Hall. It appears from the testimony of Hall that he gave to the salesman a merely verbal order for the goods and the salesman made a memorandum thereof. No order in writing was signed by Hall and no direction appears to have been given as to manner of shipment or form of address under which they should be shipped; that afterwards Hall received from plaintiff by mail an invoice of goods bearing date March 21, 1903, which on its face designates the purchaser as T. H. Hall and the carrier as the Wabash Railroad. The invoice shows only a part of the goods ordered and states that the balance will follow. The invoice also apparently shows that the terms of sale made payment due June 7-10. Hall states that on receipt of this invoice he wrote to the plaintiff and canceled the balance of the order; that about ninety days afterwards he received a statement of account from plaintiff and then wrote plaintiff he had not received the goods; that up to this time he made no inquiry for the goods. It also appears from the evidence that Hall had given notice in writing to the agent at Decatur of the Wabash Railroad that one William Markwell, a drayman in Decatur, was authorized by him to receipt for all freight consigned to him, Hall, and it was attempted by plaintiff to prove that the goods had been in fact delivered to Markwell. Such proof was sought to be made by the agent of the Wabash at Decatur who produced and proved a receipt to the railroad signed by Markwell, dated Decatur, March 28, 1903, for a case of clothing and in which J. H. Hall is stated to be consignee, which receipt appears to be for the case of goods in controversy, and this receipt was admitted in evidence without objection. Markwell, called by plaintiff, testified that he did the draying for Hall in March, 1903, that he had men in his employment as drivers who did draying for him, that he kept a book in which he entered the names of his customers, the articles carted by him, from which depot and his charge therefor; that when his driver came in and reported a certain package as delivered to a customer he checked the package, indicating its delivery; that he made

such check mark merely on the report of his driver and afterwards he would execute his receipt to the railroad; that he had no personal knowledge whether the case of goods in question was ever delivered or not. Markwell's book shows a delivery of a package to Hall on March 28, 1903, from the Wabash depot. The plaintiff offered in evidence the book of Markwell showing the transactions as above stated, which was objected to by defendant and objections sustained. The driver referred to who was supposed to have delivered the case of goods was not called as a witness nor does it appear who or where he is, nor is there any proof aside from Markwell's receipt that the case of goods was ever delivered by the railroad company to anybody. It appears clear, without discussion, that Markwell's book was inadmissible to prove delivery of the goods to Hall. If the consignment was such as to vest the title in the goods in J. H. Hall, and give him a right of action against the railroad company for their non-delivery, then unquestionably the plaintiff was entitled to recover. The law is that when goods sold are delivered by the seller to a common carrier properly consigned to the purchaser, the title thereto vests in the purchaser, the carrier becomes the agent of the consignee, and if loss of the goods occurs before actual delivery to the consignee, it is the consignee's loss and not the consignor's, the carrier is liable to the consignee and not to the consignor, and right of action therefor vests only in the consignee. If the address on the case of goods had been J. H. Hall instead of T. H. Hall, it would seem clear that a cause of action was made out for the plaintiff under the law as above stated. Did the use of the letter "T" instead of the letter "J" in the address operate to the contrary? We think not. It appears clear from the proof that the case of goods reached its destination at Decatur, and that the railroad company knew it belonged to J. H. Hall. The receipt signed by Markwell shows that. If the goods had been improperly addressed and thereby the railroad company had been misled to make delivery to another person than Hall a differ-

ent question would arise. We are of the opinion that the evidence established a clear right of recovery in the plaintiff, and if the jury had been properly instructed as to the legal effect of delivery of the goods to the carrier the verdict must have been for the plaintiff. Plaintiff asked no instruction of that character. He asked but one instruction, and in that his right of recovery is based upon the proof of actual delivery of the goods to Hall himself. The defendant, however, asked and the court gave the following instruction, numbered two:

"The jury are further instructed that when a party in Illinois gives an order for, or purchases goods from a party doing business in New York and no special agreement or arrangement is made between the parties as to how the said goods shall be delivered, that a delivery by the seller in New York to a common carrier such as a railroad company with proper and correct directions as to how the same shall be shipped to the parties in Illinois, is in law a delivery of the goods to the purchaser, but that the plaintiff is bound at his peril to give proper and correct directions as to how and to whom the goods shall be shipped, and in this case the burden of proof is upon the plaintiff to show by a preponderance of all the evidence in the case that the plaintiff or his agents did deliver the goods in question to a railroad company with proper and correct directions for shipping the same to the defendant, and unless he has so shown by the evidence, or unless he has proved by a preponderance of all the evidence in the case that the goods were actually delivered to the defendant or his authorized agent, then he cannot recover in this case."

The instruction is bad. It leaves to the jury to determine according to their own notions what constitutes "proper and correct directions for shipping." They probably thought that the address "T. H. Hall" was not proper and correct, that the only proper and correct address was "J. H. Hall." Instructions should be made to apply to the facts developed by the evidence. Directions for shipping are for the purpose of enabling the carrier to determine to whom and where the goods are to be delivered, and if they accomplish that purpose they are sufficient. In this case the evidence shows they were sufficient. Further-

more, Hall was notified by the invoice which he received that plaintiff understood his name to be "T. H. Hall," instead of "J. H. Hall." He immediately thereupon wrote to plaintiff canceling the balance of his order, but so far as appears gave plaintiff no information as to his correct name. The invoice was notice to him from which he reasonably should infer that the goods would be shipped to him by the name of "T. H. Hall," and if he had any question whether the railroad would know that the case so addressed was for him it was his duty to notify the railroad or Markwell, his drayman, or both. He did nothing. He could not be heard now to object that the address was insufficient if such had been the case. This instruction is also made objectionable by the use of the words "at his peril." Peril of what? A lawyer understands, but an ordinary jury probably would not. The first instruction given for defendant should not have been given. There was no proof to justify it, and it is entirely possible that this verdict arose from it. Plaintiff submitted his case to the jury upon the theory of delivery in fact to defendant. Under the evidence in this record that theory could not be maintained, and we, perhaps, would be justified in affirming the judgment on the ground that it was produced by the fault of plaintiff's counsel, but when a record shows clearly a miscarriage of justice we are loath to punish a litigant for the fault of his counsel, especially where faults equally grievous are chargeable to defendant's counsel.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*